UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                                        DECISION AND ORDER

                                                                        06-CR-6037L
                                                                        11-CV-6559L

                                      v.

JULIUS WILLIAMS-BETHAL,

                                      Defendant.
_____

      Defendant, Julius Williams-Bethal ("Williams-Bethal"), was convicted after a jury trial of narcotics and firearms offenses in November 2007. Defendant was sentenced on June 25, 2008, principally to an aggregate term of one hundred and eighty months imprisonment. Defendant appealed from the judgment in July 2008, and on August 5, 2009, the Second Circuit Court of Appeals affirmed the conviction but remanded based on a sentencing issue involving then-controlling Second Circuit authority in *United States v. Williams,* 558 F.3d 166 (2d Cir. 2009). The sentencing issue was resolved when the United States Supreme Court later issued its decision in *Abbott v. United States,* 131 S. Ct. 18 (2010), which in effect overruled the Second Circuit's *Williams* decision. A year after the Supreme Court's decision, defendant filed the present motion to vacate or set aside the conviction pursuant to 28 U.S.C. § 2255.

      At defendant's trial, Linda Teague, a forensic chemist with the Monroe County Public Safety Laboratory, testified and identified the substances seized in the case as cocaine base. The transcript of her testimony is attached as Exhibit 3 to the Government's response (Dkt. #123) to Williams-Bethal's present 2255 petition. At the trial, Teague was questioned by defendant's counsel and there was no real suggestion or implication that the material tested was not cocaine base.

The gist of defendant's present argument is that his due process rights were violated in some way because at a time well after his trial and sentencing, issues were raised at the Monroe County Public Safety Laboratory about some of the procedures used by Teague in her analysis of a relatively small number of criminal cases.

In the Government's response to the petition, the facts are set out in detail relating to the investigation of some of Teague's work. Certain cases were identified by the laboratory as being problematic, but none of those cases related to this defendant. It appears that the pertinent time period where testing was problematic occurred from April 2008 to August 2008. By that time, though, defendant had been tried, convicted and sentenced. In fact, it appears from the Government's response and documents submitted in the case, that the laboratory analysis of this defendant's case occurred two years prior to the time period where some of Teague's analysis was questioned.

According to the Government, the New York State Inspector General reported that during April 29, 2008, to August 27, 2008, Teague failed to properly perform one test when analyzing the questioned substances. Apparently twenty-eight cases were involved but, as referenced above, that work was performed several years after the tests that were performed concerning this defendant and there is no indication or evidence of any kind that testing done outside the targeted area was in any way deficient or defective.

The laboratory notified prosecutors when the inquiry concerning Teague occurred, and both the local prosecutors, as well as the United States Attorney's Office, notified defendants and their attorneys in cases where problems had occurred. There is nothing other than conjecture and surmise on defendant's part that the drug analysis in his case was somehow deficient. At trial here, the witness Teague testified that she had been a forensic chemist for over sixteen years and analyzed controlled substances containing cocaine base over five thousand times. *See* Defendant's Ex. 3, p. 3-4 (Dkt. #123-3).

The fact that there was some issue relative to the accuracy of the witness's examination in other cases that were analyzed several years after the analysis in defendant's case does not warrant overturning Williams-Bethal's conviction after trial before a jury. Defendant's application here rests on surmise and conjecture that the results in his case would have been different. In effect, defendant here seeks to raise issues about information and testing by a witness that occurred several years after his own trial. That request should be denied.

Likewise, defendant's claim that somehow his attorney provided ineffective assistance of counsel for failing to know of and pursue matters relating to the witness is based on pure speculation. As the Government points out, no one was aware of issues concerning this witness until well after this defendant was tried, convicted and sentenced. There is no basis to fault defendant's trial counsel in this regard since the information came to light well after defendant's trial and years after the material that was tested in his case was analyzed.

## CONCLUSION

Defendant's motion to vacate the judgment, pursuant to 28 U.S.C. § 2255 is in all respects denied and the petition is dismissed.

Furthermore, because defendant has failed to raise a substantial issue as to a constitutional violation, I deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 11, 2012.